UNITED STATES DISTRICT COURT
OF THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA**

Plaintiff

v.  Civil No. 4:07cv365-SPM/WCS

**ARTICLES OF DRUG IN THE
POSSESSION OF CHARRON NUTRITION
LOCATED AT 2620 HICKORY ROAD,
TALLAHASSEE, FLORIDA, OR
ELSEWHERE IN COURT'S JURISDICTION**

Defendant
_____/

## ORDER AND JUDGMENT OF FORFEITURE

Before the Court is the United States' Motion for Order and Judgment of Forfeiture. The United States seeks the civil forfeiture of the Defendant property described in the Amended Verified Complaint for Forfeiture In Rem (doc. 4) and in Exhibit A attached thereto.

The Court, being fully advised of the premises, finds this Court has subject matter jurisdiction pursuant to 21 U.S.C. § 334 and 28 U.S.C. § 1345, which provides the Court with jurisdiction over seizures brought under the Federal Food, Drug, and Cosmetic Act; that the United States has furnished due and legal notice of this proceeding as required by statute; that the United States provided actual notice of the forfeiture action and arrest to the owner of Charron Nutrition during the seizure of the Defendant property on August 23, 2007; that the United States caused a Notice of Action and Arrest to be published on October 5, 12, and 19, 2007, in the Tallahassee Democrat, Tallahassee, Florida, a newspaper of general circulation in the district and county in which Defendant property was seized; and that no one has filed a claim

or an answer as required by Supplemental Rule G(5) for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, and that the time for filing has now expired.

The Court finds further that the United States has met its burden of establishing probable cause to show that Defendant property is articles of drug within the meaning of 21 U.S.C. § 321(g) that may not be delivered or introduced into interstate commerce, 21 U.S.C. § 355(a), because they are also "new drugs" within the meaning of 21 U.S.C. § 321(p), and no approvals for applications filed pursuant to 21 U.S.C. § 355(b) are in effect for such drugs. The Court also finds that Defendant property (except super-flex) is misbranded within the meaning of 21 U.S.C. § 352(f)(1), while held for sale after shipment in interstate commerce, in that their labeling fails to bear adequate directions for use.

IT IS THEREFORE **ORDERED AND ADJUDGED** as follows:

1. This Court has subject matter jurisdiction pursuant to 21 U.S.C. § 334 and 28 U.S.C. § 1345, which provides the Court with jurisdiction over seizures brought under the Act;

2. The Defendant property described above is articles of drug within the meaning of 21 U.S.C. § 321(g), that are new drugs within the meaning of 21 U.S.C. § 321(p) that may not be delivered or introduced into interstate commerce under 21 U.S.C. § 355(a), as alleged in the Amended Verified Complaint and as set out above;

2. The Defendant property described above (except super-flex) is misbranded within the meaning of 21 U.S.C. § 352(f)(1), as alleged in the Verified Complaint (doc. 4) and as set out above;

3. Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, all persons having any right, title, or interest in the Defendant property, including Charron Nutrition, are held in default; and

  4.  The Defendant property is condemned and forfeited to the United States to be disposed of in accordance with applicable federal and state environmental laws.

  DONE AND ORDERED this <u>eleventh</u> day of January, 2008.

          *s/ Stephan P. Mickle*
          Stephan P. Mickle
          United States District Judge